# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Arlene Wallace | | CHAPTER 13 |
| | Debtor | |
| Ditech Financial LLC | | |
| | Movant | |
| vs. | | NO. 14-17187 SR |
| Arlene Wallace | | |
| | Debtor | |
| Frederick L. Reigle | | 11 U.S.C. Section 362 |
| | Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is $4,157.73, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | January 1, 2017 through July 1, 2017 at $734.69/month |
| Less Suspense Balance: | $250.41 |
| **Total Post-Petition Arrears** | **$4,892.42** |

2. The Debtor(s) shall cure the aforesaid arrearage while maintaining ongoing contractual mortgage payments, in the following manner:

   a). Beginning August 1, 2017 and continuing through July 2018, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$734.69** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges to be assessed after the 15th of the month), **plus** an installment payment of **$407.70** towards the arrearage on or before the last day of each month through June 2018 and **$407.22** in July 2018;

   b). Debtor shall maintain contractual monthly mortgage payments thereafter;

   c). The current payment address for the mailing of payments is as follows:

   > Green Tree Servicing LLC
   > P.O. Box 0049
   > Palatine, IL 60055-0049

3. Should Debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event that the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the

Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting the Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to any such Order. The Order shall be in the form set forth in the proposed form of Order filed with the instant Motion for Relief, or in a form substantially similar. ("Movant" in this paragraph and hereinafter refers to Movant or to any of its successors or assignees, should the claim be assigned or transferred.)

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage, loan documents, and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date: July 21, 2017

By: /s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant

Date: 8/3/17

Jermaine D. Harris, Esquire
Attorney for Debtor

Date: 8/4/17

Frederick L. Reigle
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2017. However, the court retains discretion regarding entry of any further order.

**Date: August 10, 2017**

_____
Hon. Stephen Raslavich, United States Bankruptcy Judge